IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD GLENN HICKEY, JR.,<br><br>　　Plaintiff,<br><br>v.<br><br>AIR SERV CORPORATION,<br><br>　　Defendant. | CIVIL ACTION FILE NO.<br><br>1:15-cv-4078-AT-CMS |

### MAGISTRATE JUDGE'S SCHEDULING ORDER AND INSTRUCTIONS REGARDING SUMMARY JUDGMENT MOTIONS

On February 2, 2016, Plaintiff Edward Glenn Hickey, Jr., who is proceeding *pro se*, filed his preliminary report and discovery plan. (Doc. 8-1). Defendant Air Serv Corporation, filed its preliminary report and discovery plan on February 8, 2016. (Doc. 10). The time limits for adding parties, amending the pleadings, filing motions, and discussing settlement are as stated in the joint preliminary report and discovery plan, and this action will be set for trial after all dispositive motions have been ruled on, provided claims remain for disposition. The discovery period shall end on **June 6, 2016.**

## NOTICE REGARDING SUMMARY JUDGMENT MOTIONS

You are hereby notified that, within 21 days from the date a motion for summary judgment is served upon you by an opposing party, you must file all materials – including any affidavits, depositions, answers to interrogatories, admissions on file, and any other relevant materials – which you wish to be considered in opposition to the motion for summary judgment.  Federal Rules of Civil Procedure, Rule 56(c); Local Rule 56.1, NDGa.; Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

You are also notified that, unless otherwise stated by the trial court, the court will take the motion for summary judgment under advisement immediately upon the expiration of the 21-day period and may rule upon it at anytime thereafter.  Absent unusual circumstances, a hearing will *not* be scheduled for consideration of the motion.  See Moore, 703 F.2d at 519.  See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of summary judgment by the trial court is a *final* judgment on the claim or claims decided.  Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the nonmoving party bears the burden of proof at trial on a dispositive issue, and the party moving for summary judgment has demonstrated the absence

of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

## REQUIREMENTS FOR SUMMARY JUDGMENT MOTIONS

1.   Statement of Undisputed Material Facts

Whenever a motion for summary judgment is filed, it must be accompanied by "a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried." LR 56.1(B)(1), NDGa. "Each material fact must be numbered separately and supported by a citation to evidence proving such fact.  The court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; or (d) set out only in the brief and not in the movant's statement of undisputed facts." Id.

The non-moving party shall file a response to the moving party's statement of undisputed material facts.  "This response shall contain *individually numbered, concise, nonargumentative* responses corresponding to each of the movant's numbered undisputed material facts." LR 56.1(B)(2), NDGa. (emphasis added).

Neither party shall include in its statement or response any argument, speculation, or unsupported statements. A respondent to a summary judgment motion shall also include a statement of additional facts which the respondent contends are material and present a genuine issue for trial. Such separate statement of material facts must meet the requirements set out in LR 56.1(B)(1).

The Court will deem as admitted those facts in the moving party's statement that the non-moving party has not directly refuted with a concise response supported by specific citations to evidence (including page or paragraph number). LR 56.1(B)(2), NDGa.

### 2. Deposition Transcripts

**The original (or a complete copy) of all depositions that are referred to by either party in support of, or in opposition to, a motion for summary judgment shall be filed with the court. Copies of individual deposition pages referred to in the parties' memoranda of law need <u>not</u> be attached to the memoranda or otherwise submitted in a separate form.**

### 3. Length of Brief

Absent written permission by the court, no party may file a brief in support of a motion, or in response to a motion, exceeding 25 double-spaced pages in length, and no party may file a reply brief exceeding 15 double-spaced pages. A

motion requesting an increase in the page length for a brief must be filed prior to the due date for the brief.  The text of a brief, including footnotes, must be printed in one of the fonts and font sizes specified in Local Rule 5.1(C), or if type written, in a font that produces no more than 10 characters per inch of type.

    4.    Consolidated Pretrial Order

If a motion for summary judgment is filed, the Consolidated Pretrial Order will be due 30 days after the District Court's final ruling on the motion for summary judgment, provided there are matters left to be tried.

## NOTICE TO PRO SE LITIGANTS

Parties proceeding *pro se* are ADVISED that they must comply with the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the Northern District of Georgia.  *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia.  Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may also utilize the law library located on the 23rd floor of the United States Courthouse.

*Pro se* parties are further REQUIRED to keep the Court advised of their current address at all times during the pendency of the lawsuit.  Local Rule

83.1D(3), NDGa provides that counsel and parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number.  Per this rule, "a failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default." *Pro se* parties are encouraged to provide the opposing party/counsel with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail.  If a *pro se* party provides an email address, opposing counsel shall serve copies of all pleadings via email and regular mail.  *Pro se* parties are ADVISED, however, that the Court serves via paper only and not via email.

**IT IS SO ORDERED**, this 10th day of February, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE